FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 NOV -5 P 12: 22

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MYRON SUIRE, #98057105
    Plaintiff,

v.     CIVIL ACTION NO. JKB-13-2794

WICOMICO COUNTY DETENTION
  CENTER, *et al.*
STATE COMMISSIONER BURNS
C.O. KENNY
    Defendants.

*****

## MEMORANDUM

On September 23, 2013, the court received for filing plaintiff David Myron Suire's ("Suire") 42 U.S.C. § 1983 civil rights action against the Wicomico County Detention Center ("WCDC"), Wicomico County State Commissioner Burns, and Correctional Officer Kenny. ECF No. 1. On October 8, 2013, the court issued an Order which required Suire to file a supplemental complaint naming the proper parties and setting out his claims against those defendants. A decision on Suire's motion for leave to proceed in forma pauperis was stayed. ECF No. 3.

On October 18, 2013, plaintiff filed a supplemental complaint, naming Correctional Officer Kenny and the WCDC. In addition he has filed a second indigency motion. ECF Nos. 4 & 5. Plaintiff's motions for leave to proceed in forma pauperis shall be granted. The complaint shall, however, be dismissed without requiring service of process on defendants.

In his supplemental complaint Suire claims that he was transported to an eye appointment by officers Kenny and Davis and when he asked to go to the bathroom to defecate he was told that his handcuffs could not be taken off pursuant to correctional policy. He asserts that he was denied the ability to wipe and *clean* himself and had to "wear" his bodily waste for over two hours. ECF No. 4

at p. 8. Suire observes that at an unrelated medical appointment scheduled months later, his handcuffs were removed to permit I.V. testing to occur.[1] *Id.*

Suire's complaint primarily concerns his September 2013 bathroom visit and his inability to wipe himself for several hours. While the court is sympathetic to plaintiff's embarrassment and distress resulting from the alleged policy to retain handcuffs on inmates during out-of-prison movements, it finds that the action occurring on that one occasion for that limited period does not amount to a constitutional claim.

Due process requires that a pretrial detainee not be punished prior to a lawful conviction. As a pre-trial detainee, plaintiff's challenge to the conditions of his confinement is evaluated under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Grayson v. Peed*, 195 F.3d 692, 695-697 (4th Cir. 1999). The proper inquiry is whether the alleged condition of confinement constitutes "punishment." *Bell v. Wolfish*, 441 U.S. at 535-537. While unpleasant, the one-time incident described in the complaint does not constitute punishment violative of due process. A separate order will issue dismissing the complaint.

DATED this __1__ day of __Nov.__, 2013.

BY THE COURT:

James K. Bredar
United States District Judge

---

[1] Suire again attaches to his complaint pages of internal grievances regarding his September 2, 2013 visit to the eye doctor, along with grievances concerning his problems with accessing his legal papers, the delivery of his outgoing mail, the adequacy of the WCDC library, and the opening of his legal mail. ECF No. 4 at Ex. 1. He does not specify how the named defendants were involved in these access-to-courts claims, nor does he indicate actual injury. A review of the state court docket shows that Suire is represented by the Office of the Public Defender. His access-to-courts claim shall therefore be dismissed without prejudice.